IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ING INVESTMENT PLAN SERVICES, LLC f/k/a CitiStreet, LLC, | )<br>)<br>) |
| *Plaintiff,* | ) |
| v. | ) Case No.: |
| DONNA M. BARRINGTON, | ) Judge |
| *Defendant.* | ) |

## COMPLAINT

Now comes Plaintiff, ING Investment Plan Services, LLC, f/k/a CitiStreet LLC, and for its complaint against Defendant Donna M. Barrington, states as follows:

### NATURE OF CLAIM

1. The Plaintiff, ING Investment Plan Services, LLC f/k/a CitiStreet, LLC ("Plaintiff" or "IIPS") complains of Donna M. Barrington (hereinafter "Barrington" or "Defendant"), to recover a mistaken overpayment of moneys from a pension plan in which Barrington participated.

### JURISDICTION AND VENUE

2. IIPS is incorporated in the state of Delaware with its principal place of business located in Windsor, Connecticut. The sole Member of IIPS is Lion Connecticut Holdings, Inc. Lion Connecticut Holdings, Inc. is incorporated in Connecticut and has its principal place of business in Windsor, Connecticut. Therefore, IIPS is a citizen of Delaware and Connecticut for jurisdictional purposes.

3. Defendant Barrington is a resident of the State of Illinois and resides at 1580 Burr Oak Ct., Wheaton, IL 60187.

4. IIPS conducts business in the Northern District of Illinois, and elsewhere. Venue is proper in the United States District Court for the Northern District of Illinois.

5. This Court has diversity of citizenship jurisdiction in this case pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states.

6. The amount in controversy exceeds $75,000.

7. This Complaint seeks declaratory relief pursuant to 28 U.S.C. Sections 2201, 2202. IIPS also seeks recovery of the mistaken overpayment of pension plan money to Barrington pursuant to the Illinois legal principles of Quantum Meruit, Money Had and Received, and Equitable Subrogation.

FACTUAL ALLEGATIONS

8. Upon information and belief Barrington was previously employed by Avaya, Inc. ("Avaya").

9. As an Avaya employee Barrington participated in the Avaya, Inc. Pension Plan for Salaried Employees ("APPSE" or "Pension Plan").

10. After acquiring CitiStreet, LLC on July 1, 2008, IIPS became the Plan Administrator of APPSE.

11. Upon information and belief, Barrington elected to receive a lump sum benefit payment from the APPSE when she retired from Avaya.

12. Thereafter, IIPS, as Plan Administrator of APPSE, directed that APPSE pay to Barrington $186,634.44. The APPSE paid to Barrington $186,634.44 intending that it accurately compensate Barrington for the lump sum benefit due to her under the APPSE.

2

13. Due to a miscalculation and administrative error by IIPS, in its capacity as Administrator of the APPSE, the amount APPSE paid to Barrington was $143,568.82 more than Barrington was entitled to under the APPSE. APPSE made the payment to Barrington's Fidelity Investment account on August 16, 2004.

14. IIPS first learned of the mistaken overpayment when the account was audited in March 2007.

15. Thereafter, IIPS reimbursed the APPSE in the amount of $143,568.82 (overpayment amount) to compensate the APPSE for the mistaken overpayment to Barrington described above. As a result of IIPS's reimbursement payment to APPSE, IIPS became the party incurring the loss and, based upon the Illinois legal principles of equitable subrogation, succeeded to the rights of Avaya and APPSE to recover from Barrington the amount of the overpayment. .

16. By a letter dated June 12, 2007, APPSE notified Barrington of the mistaken overpayment. The letter demanded that Barrington reimburse APPSE for the total amount of the mistaken overpayment. To date, Barrington has failed and refused to reimburse APPSE for the mistaken overpayment.

17. IIPS seeks to recover the amount of the overpayment to Barrington pursuant to the Illinois legal principles of Equitable Subrogation, Quantum Meruit, and Money Had and Received. Barrington has been unjustly enriched by the mistaken overpayment and should be ordered to return to IIPS the amount of the mistaken overpayment.

COUNT I - QUANTUM MERUIT

18. Plaintiff IIPS incorporates herein by reference the allegations contained in Paragraphs 1 thru 17 above.

3

19. APPSE mistakenly paid to Barrington monies of value (overpayment amount) to which Barrington is not entitled. Barrington received the overpayment amount through a lump sum payment to her Fidelity Investment account and has retained the overpayment amount notwithstanding APPSE's written demand for return of the same.

20. Barrington has been unjustly enriched by receipt of the mistaken overpayment. Barrington is holding money from the Pension Plan that does not belong to her.

21. IIPS, having reimbursed APPSE the overpayment amount received by Barrington, is entitled to recover from Barrington repayment of the overpayment amount together with all interest allowed by law under the Illinois legal principles of equitable subrogation and *quantum meruit*.

## COUNT II - MONEY HAD AND RECEIVED

22. Plaintiff IIPS incorporates herein by reference the allegations contained in Paragraphs 1 thru 21 above.

23. As a result of the mistaken overpayment, Barrington holds money not belonging to her and to which she is not entitled. As a result of the mistaken overpayment to Barrington, Barrington has been unjustly enriched.

24. The overpayment amount in equity and good conscience belongs to IIPS and not to Barrington because IIPS has reimbursed AAPSE the moneys that were mistakenly paid to Barrington. Barrington should be ordered to repay to IIPS the overpayment amount, plus all interest allowed by law, under the equitable Illinois legal principles of Money Had and Received and Equitable Subrogation.

**WHEREFORE**, IIPS respectfully requests an order and judgment from the Court against Donna Barrington as follows:

1. A finding that Defendant Barrington has been unjustly enriched by the mistaken overpayment of $143,568.82;

2. That Defendant Barrington repay to IIPS $143,568.82, the overpayment amount, plus all interest allowed by law;

3. An award of Plaintiff's reasonable attorney fees and court costs incurred in the prosecution of this Complaint;

4. Any such other relief the Court deems just and equitable under the circumstances.

Dated: June 23, 2009

        **s//Joanne M. Rogers**_____
Joanne M. Rogers ARDC #6202284
Jeffrey R. Zehe ARDC #3125616
NIELSEN, ZEHE & ANTAS, P.C.
55 West Monroe Street, Suite 1800
Chicago, Illinois 60603
312.322.9900
312.322.9977 (Fax)
E-mail:    jrogers@nzalaw.com
              jzehe@nzalaw.com

OF COUNSEL

HALLELAND LEWIS NILAN & JOHNSON, P.A.
Kevin D. Hofman (Reg. No. 179978)
Joshua A. Bobich (Reg. No. 388847)
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402-4501
612.338.1838
612.338.7858 (Fax)

*Attorneys for Plaintiff ING Investment Plan Services, LLC f/k/a CitiStreet, LLC*

5

ND: 4821-8608-1795