# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ING INVESTMENT PLAN SERVICES, | ) | |
| LLC f/k/a CitiStreet, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CV 3788 |
| | ) | Judge Blanche M. Manning |
| | ) | |
| DONNA M. BARRINGTON, | ) | |
|     Defendant | ) | |

## MEMORANDUM AND ORDER

Plaintiff ING Investment Plan Services, LLC is the administrative service provider for the Avaya, Inc. Pension Plan for Salaried Employees. ING Investment directed Avaya, Inc. to disburse a lump sum payment from the Plan to defendant Donna Barrington on August 16, 2004. Three years later ING Investment discovered that it had miscalculated the lump sum payment and that Barrington had received an overpayment. ING Investment filed suit against Barrington to recover the overpayment.

Barrington has moved to dismiss ING Investment's complaint. For the reasons that follow, the state law claims are dismissed and ING Investment is granted leave to file an amended complaint stating claims under the Employee Retirement Income Security Act of 1974 ("ERISA").

## BACKGROUND

The following facts are taken from ING Investment's second amended complaint, the Benefit Administration Agreement, and correspondence between Avaya and Barrington, which the complaint references. *See Tierney v. Vahle*, 204 F.3d 734, 738 (7th Cir. 2002) (on motion to dismiss, court can take into account documents central to the claims of the

complaint even if not attached to the complaint). The court accepts these facts as true for purposes of this motion to dismiss. *Id.*

In April 2001, Avaya entered into the Benefit Administration Agreement ("BAA") with CitiStreet, LLC. *See* Benefit Administration Agreement (attached as Ex. A to Tracy Aff.). According to the BAA, Avaya is the Plan Administrator, as defined in ERISA, and CitiStreet is the administrative service provider and not authorized to take any action that would make it a fiduciary of the Plan. *Id.* § 5.1.1. The BAA identifies Avaya and CitiStreet as independent contractors who are not agents or principles of the other. *Id.* § 9.1. On July 1, 2008, ING Investment acquired CitiStreet and became the administrative service provider for the Plan.

Barrington was an employee of Avaya and participated in the Plan. When she retired, she opted to receive her pension benefits as a lump sum payment. ING Investment calculated the lump sum payment due Barrington to be $186,634.44, which the Plan paid to her on August 16, 2004. Unbeknownst to anyone, ING Investment had miscalculated the payment due Barrington and, as a result, the lump sum payment she received exceeded the amount she was due by $143,568.82.

In March 2007, an audit of Avaya's books and records revealed the mistaken overpayment to Barrington, which Avaya then brought to the attention of ING Investment. ING Investment reimbursed the Plan $143,568.82, the amount of the overpayment. Meanwhile, on June 12, 2007, Avaya wrote to Barrington to tell her of the mistaken overpayment. The letter also directed Barrington to reimburse the Plan for the overpayment. Barrington has made no attempt to do so.

ING Investment has now sued Barrington in an attempt to recover the $143,568.82 that it paid to Avaya to cover the amount of the overpayment.  In its complaint, it alleges two state law claims:  quantum meruit (Count I) and money had and received (Count II).  Barrington has moved to dismiss both state law claims on three grounds.  First, she contends that ING Investment cannot clear the threshold hurdle of standing because the overpayment can be recovered only by Avaya, the party who made it.  Second, she contends that the state law claims are preempted by ERISA because they involve an ERISA-governed plan.  Finally, she contends that the allegations of the complaint do not meet the standards of notice pleading set out in Federal Rule of Civil Procedure 8 and, therefore, fail to state a claim.

## ANALYSIS

**I.    STANDING**

The court shall first address the threshold issue of standing.  To meet the requirements of standing under Article III of the U.S. Constitution, a plaintiff must establish that it is the proper party to bring suit.  *See Raines v. Byrd*, 521 U.S. 811, 818 (1997).  Standing exists when each of the following elements is satisfied:  (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision.  *See Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 756 (7th Cir. 2008).  General factual allegations of injury resulting from defendant's conduct may suffice to establish standing.  *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009).

Barrington argues that ING Investment has failed to establish that it has standing to recover the $143,568.82 overpayment because the overpayment was made by the Plan.

However, ING Investment has alleged that it is the injured party, not the Plan, because it has "succeeded to the rights of Avaya and [the Plan] to recover from Barrington the amount of the overpayment." Barrington argues that the allegations are insufficient because ING Investment has failed to allege facts sufficient to establish that it has succeeded to the rights of the Plan. However, as discussed above, general factual allegations of injury are sufficient to establish standing. *See Apex Digital*, 572 F.3d at 443. ING Investment's allegations have detailed the circumstances that gave rise to its alleged injury and, therefore, it has sufficiently established standing for purposes of the motion to dismiss.

## II.     PREEMPTION

Next, Barrington argues that ING Investment's state law claims are completely preempted by ERISA. Any examination of whether a state law claim is preempted by ERISA begins with a look to ERISA itself:

> Except as provided in subsection (b) [the savings clause] of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a). Thus, preemption under ERISA is aggressive and its breadth is wide. *See Sharp Elec. Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009). It reaches generally applicable laws, not just laws aimed exclusively at employee benefit plans. *See Ingersoll-Rand Co. v McClendon*, 498 U.S. 133, 139 (1990). ERISA was enacted to provide a uniform regulatory regime for employee benefits plans, and the goal of uniformity would be undermined if questions involving plan interpretation could be decided under both ERISA and state law. *See Trustees of AFTRA Health Fund v. Biondi*, 303 F.3d 765, 774-75 (7th Cir. 2002).

ERISA preempts only those claims that implicate relations among the principal ERISA entities, which are: (1) the employer, (2) the plan itself, (3) the plan fiduciary, and (4) the beneficiaries. *See Aetna Cas. and Sur. Co. v. William M. Mercer, Inc.*, 173 F.R.D. 235, 238 (N.D. Ill. 1997). ING Investment contends that because it is merely an administrative services provider and not one of the principal ERISA entities, its claims are not preempted. However, ING Investment seeks reimbursement of the overpayment the Plan made to Barrington. Therefore, its claims implicate the relationship between two principal ERISA entities, the Plan and its beneficiary, Barrington. *See Kolbe & Kolbe Health & Welfare Benefit Plan v. Medical College of Wisconsin, Inc.*, No. 09 CV 205, 2010 WL 1740869, at *4 (W.D. Wis. Apr. 29, 2010) (ERISA preempts state law claim that implicates the relationship between principal ERISA entities). Indeed, ING Investment itself alleges that the rights it asserts are those it obtained upon "succeed[ing] to the rights of Avaya and [the Plan] to recover from Barrington the amount of the overpayment." Second Amended Complaint [10-1] ¶ Determining whether Barrington was overpaid, and what rights Avaya and the Plan had to recover that overpayment, will necessarily require consulting the terms of the Plan itself. *See Ingersoll-Rand*, 498 U.S. at 140 (claim is preempted if its resolution requires interpretation of an ERISA-governed benefit plan).

Accordingly, the court concludes that ING Investment's state law claims for *quantum meruit* and money had and received are preempted by ERISA.

### III.     FAILURE TO STATE A CLAIM

Alternatively, Barrington argues that the state law claims should be dismissed because ING Investment has failed to allege sufficient facts in support of those claims.

Because the court has concluded that ING Investment's state law claims are preempted by ERISA, it need not address Barrington's alternative argument for dismissal.

## CONCLUSION

For the reasons stated, the court concludes that ING Investment's state law claims are preempted by ERISA. However, the parties have yet to brief the issue of whether the relief ING Investment seeks is available under ERISA, and the court hesitates to act on an issue not raised by the parties. Given the remaining uncertainty, the court determines in its discretion that it would be prudent to give ING Investment leave to file an amended complaint if it so chooses.

Accordingly, the court grants the motion to dismiss the state law claims, and grants leave to ING Investment to file an amended complaint no later than September 28, 2010. If no amended complaint is filed by that date, the court's dismissal of the Second Amended Complaint will be with prejudice and the clerk will enter a Rule 58 judgment and terminate the case from the court's docket.

ENTER:

DATE: August 24, 2010

*Blanche M. Manning*
Blanche M. Manning
United States District Judge